UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH ANN WINTER,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No. 12-11962

Paul D. Borman
United States District Judge

Laurie J. Michelson
United States Magistrate Judge

OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 15),
(2) ADOPTING MAGISTRATE JUDGE MICHELSON'S
JUNE 21, 2013 REPORT AND RECOMMENDATION (ECF NO. 14),
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12)
(4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 9) and
(5) AFFIRMING THE DECISION OF THE COMMISIONER

This matter is before the Court on Plaintiff's Objections (ECF No. 15, Plaintiff's Objections to Report and Recommendation of the Magistrate Judge) to Magistrate Judge Laurie J. Michelson's June 21, 2013 Report and Recommendation (ECF No. 14, Report and Recommendation). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment, DENIES Plaintiff's Motion for Summary Judgment, and AFFIRMS the decision of the Commissioner of Social Security.

1

**I.     BACKGROUND**

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 14, Report and Recommendation 2-6.)

**II.    STANDARD OF REVIEW**

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal

quotation marks and citation omitted).  A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Specific objections enable the Court to focus on the particular issues in contention.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.  *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id*.

### III.  ANALYSIS

Plaintiff's sole objection relates to that portion of the Magistrate Judge's Report and Recommendation that concludes that the ALJ did not commit reversible error in evaluating the records of Plaintiff's treating physician, Dr. Scaddan.  Plaintiff argues that in his opinion, the ALJ "never mentions the name of the treating physician," and that "[b]y failing to mention [Dr. Scaddan] at all in the decision [] gives the appearance that the Administrative Law Judge did not give any consideration (accepting or rejecting) the opinions of the treating physician . . . ."  (ECF No. 15, Objections 3, 4.)   Significantly, Plaintiff fails to identify portions of the record that contain the "opinions of the treating physician" that the ALJ allegedly ignored.  This failure to pinpoint "the

source of the error" calls into question the validity of the Plaintiff's objection. It appears, however, that the nub of the objection is that the Magistrate Judge allegedly did not give appropriate consideration to the fact that the ALJ failed to mention Dr. Scaddan by name in his opinion.

Magistrate Judge Michelson expressly addressed this issue in her Report and Recommendation. First, the ALJ was not required to discuss every piece of evidence he considered. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (noting that an ALJ need not "articulate his reasons for crediting or discrediting each medical opinion," so long as the ALJ's factual findings as a whole demonstrate that he considered them). As Magistrate Judge Michelson observed in her Report and Recommendation, it is clear from the ALJ's opinion that he did in fact consider Dr. Scaddan's records. While Dr. Scaddan is not mentioned by name, his medical records were referenced by the ALJ in (1) his analysis of Plaintiff's June 2008 visit to Dr. Scaddan when he diagnosed atrial fibrillation (Tr. 13, 150-51), (2) his summary of the tests Plaintiff received in her subsequent hospitalization when she was being followed by Dr. Scaddan (Tr. 13-14, 148-49, 156-57), and (3) his reference to her January 2009 x-rays of her lumbar spine that were ordered and reviewed by Dr. Scaddan (Tr. 14, 220-22). (Report and Recommendation 13.) The ALJ also specifically referenced, indeed directly quoted, Dr. Scaddan's July 2, 2008 Discharge Diagnosis of "atrial fibrillation with relatively controlled ventricular response." (Tr. 14, 148.)

Thus, the ALJ's opinion does not leave the impression, as Plaintiff suggests, that by failing to mention Dr. Scaddan's name, the ALJ did not give any consideration to Dr. Scaddan's records. Indeed, the ALJ's opinion suggests that he expressly considered Dr. Scaddan's records in reaching his conclusion that Plaintiff was able to perform her past relevant work and was therefore not disabled as defined by the Social Security Act from her alleged onset date. Moreover, as Magistrate

Judge Michelson also observed, as to those records of Dr. Scaddan's that were not referred to directly in the ALJ's opinion, it was apparent from the transcript of the hearing that the ALJ had an awareness, and had considered, at least some of the additional treatment rendered by Dr. Scaddan, such as shots for relief of Plaintiff's back pain. (Tr. 26, 29, 220-22.)

Finally, as the Court noted previously, Plaintiff fails to identify in her Objections those portions of the record that contain the "opinions" of Dr. Scaddan that the ALJ allegedly failed to consider. This failing is no doubt due to the fact that, as the Magistrate Judge observed, Dr. Scaddan's records do not contain the type of "medical opinion" that the ALJ was required to consider under 20 C.F.R. § 404.1527(a)(2) and 416.927(a)(2). "Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527, 416.927(a)(2). Dr. Scaddan's records do not opine at all on what Plaintiff can do despite her symptoms or on what her physical and mental restrictions might be due to her alleged symptoms.

**IV.  CONCLUSION**

The ALJ was not required to directly address in his written opinion each piece of evidence he considered in reaching his conclusions. In any event, his opinion suggests that he did in fact directly review and consider Dr. Scaddan's records. The Court finds, having conducted a *de novo* review of the those parts of the Report and Recommendation to which Plaintiff objects, that the Magistrate Judge correctly concluded that the ALJ did not fail to adequately address Dr. Scaddan's records.

Accordingly, the Court DENIES Plaintiff's Objections, ADOPTS the Report and

5

Recommendation, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's motion for summary judgment and AFFIRMS the decision of the Commissioner.

IT IS SO ORDERED.

                                             s/Paul D. Borman
                                             PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE

Dated: August 29, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2013.

                                             s/Deborah Tofil
                                             Case Manager